**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Rose, | No. CV-25-01418-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Assurance Relocation Systems LLC, et al., | |
| Defendants. | |

Pending before the Court are Defendant Troy Emerson's motion to dismiss, (Doc. 13), Plaintiff Charles Rose's motion to strike Emerson's motion to dismiss, (Doc. 16), and Rose's motion to dismiss Defendant/Counterclaimant Fedelyne Bernabe's counterclaims, (Doc. 21). The motions are fully briefed. (Docs. 18, 20, 22, 26, 27, 28.) For the reasons stated below, Rose's motions to strike and to dismiss, (Docs. 13, 26), **will be granted,** and Emerson's motion to dismiss, (Doc. 21), will be correspondingly **stricken**.

## I.    BACKGROUND

On April 28, 2025, Rose initiated this action alleging violations of the Fair Labor Standards Act, the Arizona Minimum Wage Act, and the Arizona Wage Act based on unpaid wages. (Doc. 1 at ¶ 1.) He alleged that Defendants Fedelyne Bernabe and Troy Emerson are a married couple and together own two Arizona LLCs—Assurance Relocation Systems LLC ("Assurance Relocation") and Tucson Movers LLC ("Tucson Movers") (collectively, the "LLC Defendants" and, together with Bernabe and Emerson, "Defendants")—which operate as a "single enterprise" moving company in Maricopa

County, Arizona. (*Id.* at ¶¶ 11–21.)

Rose alleges that he worked for Defendants for one week in November 2024 as a driver. (*Id.* at ¶ 40–41.) Although Defendants "agreed to pay [Rose] an hourly rate of approximately $27" and Rose "worked approximately 45 total hours," Rose was never paid for his labor. (*Id.* at ¶¶ 44–46.) Rose brought this action to recover his unpaid wages and associated damages under Federal and Arizona law.

On May 30, 2025, Bernabe filed a "Motion to Allow Exception to Represent Single Member LLC Assurance Relocation and Tucson Movers LLC in Federal Court." (Doc. 10.) As the title suggests, Bernabe, proceeding pro se, sought permission from the Court to represent the LLC Defendants. (*Id.*) Simultaneously with her motion, Bernabe filed an answer on behalf of Assurance Relocation, (Doc. 11), and a second answer "as an individual and on behalf of the community property," (Doc. 12). Bernabe's answer filed on her own behalf asserted eight counterclaims against Rose. (*Id.* at 7–8.)

On June 5, 2025, Emerson filed a motion to dismiss, in which he argued he was not a proper party because he does not own and is not involved in the operation of Assurance Relocation or Tucson Movers. (Doc. 13.) He further expressed confusion about whether he was named as an individual defendant, or just by virtue of his marriage to Bernabe. (*See e.g.*, *id.* at 2 ("The caption of the complaint [sic] assert that defendant Troy Emerson is listed as Fedelyne Bernabe and Troy Emerson, a married couple. What does this mean?").) On June 20, 2025, Rose moved to strike Emerson's motion because he failed to certify that he satisfied the conferral requirements of Local Rule 12.1(c) and the Court's Preliminary Order. (Doc. 16.) This motion is fully briefed. (Docs. 18, 20.)

On June 6, 2025, one day after Emerson filed his motion to dismiss, Bernabe filed a motion to dismiss on behalf of Tucson Movers. (Doc. 14.) The Court denied Bernabe's motion to represent the LLC Defendants, (Doc. 10), struck the answer Bernabe filed on behalf of Assurance Relocation, (Doc. 11), and struck the motion to dismiss Bernabe filed on behalf of Tucson Movers, (Doc. 14). (Doc. 17.) The Court ordered Rose to respond to the Counterclaims asserted in Bernabe's answer and set a new deadline for the LLC

Defendants to respond to the Complaint. (*Id.*)

On July 21, 2025, Rose filed a motion to dismiss Bernabe's counterclaims. (Doc. 21.) He argues that Bernabe has failed to satisfy the requirements of Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, and that the court lacks jurisdiction over her state law claims. (*Id.*) Bernabe responded, (Doc. 26), and Rose replied, (Doc. 28).

The LLC Defendants did not respond to Rose's complaint. On August 29, 2025, the Court issued an order to show cause why the LLC Defendants should not be dismissed for failure to prosecute, and gave Rose until September 8, 2025, to apply for default judgment. (Doc. 29.) Rose did so the next day, and default was entered on September 3, 2025. (Docs. 30, 31.) To date, Rose has not filed a motion for default judgment.

## II.    LEGAL STANDARD

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (cleaned up)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint, or the existence of subject matter jurisdiction in fact. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter

jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Blackhawk Network Inc. v. SL Card Co., Inc.*, 589 F. Supp. 3d 1115, 1123 (D. Ariz. 2022) (quotation marks omitted). The party invoking the jurisdiction of the court has the burden of proof. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

### A. Emerson's Motion to Dismiss and Rose's Motion to Strike

Rose moves to strike Emerson's motion to dismiss for failure to comply with the conferral requirements outlined in Preliminary Order, (Doc. 5), and Local Rule 12.1(c). (Doc. 16 at 2–3.) Emerson and Bernabe filed a joint Response, arguing that they conferred with Rose in an email sent on May 27, 2025. (Doc. 18 at 1–3.) The email was not attached to their Response. In reply, Rose asserts that the May 27, 2023 email was sent by Bernabe, not Emerson, and that Emerson was not cc'd or in any way a party to the email. (Doc. 20 at 1–2.) Rose did not attach the email to his Reply. Rose argues that because Bernabe is a pro se litigant, not an attorney, she cannot represent Emerson in this matter, and any action Bernabe took on Emerson's behalf does not satisfy the conferral requirements outlined in the Court's preliminary order. (*Id.*)

The Court's Preliminary Order states the following:

> Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The Court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion for judgment on the pleadings, or a Rule 12(f) motion to strike, the movant confer with the opposing party to determine whether such motion can be avoided; and (2) the movant attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* LRCiv 12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates filed before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

(Doc. 5 at 4–5.) These conferral requirements are critical to efficiently and expediently resolving cases and ensure the Court's resources are spent on significant issues that the

parties cannot readily resolve via amendment.

It is unclear whether Emerson properly conferred with Rose. The email that Emerson and Bernabe cite in their joint response has not been submitted, so the Court cannot verify whether Emerson was a party to it. If Rose is correct, and Emerson was not cc'd or otherwise included, then the email does not satisfy Emerson's conferral requirements. Bernabe is not authorized to represent Emerson, and any attempt by Bernabe to confer on Emerson's behalf would not satisfy his conferral requirement. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on [her] own behalf, [she] has no authority to appear as an attorney for others than himself." (cleaned up)); *see also Grae-El v. City of Seattle*, 2022 WL 721489, at *3 (W.D. Wash. 2022) ("While pro se litigants may represent themselves, they may not—as non-lawyers—represent others, regardless of any familial relationships.").

Because it is unclear whether the parties have met and conferred as required by the Preliminary Order and Local Rule 12.1(c), and because Emerson failed to certify that he did so in his motion to dismiss, the Court will grant Rose's motion to strike, without prejudice to Emerson raising the same issues, if necessary, after complying with the Local Rules and this Court's orders. *See* LRCiv 12.1(c) ("A motion that does not contain the required certification may be stricken summarily.").

### B.    Rose's Motion to Dismiss Bernabe's Counterclaims

Rose moves to dismiss Bernabe's counterclaims under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, and alternatively under 12(b)(1) for lack of subject matter jurisdiction. (Doc. 21.)[1] Because Bernabe has inadequately pled her counterclaims, they must be dismissed under both Rule 12(b)(6) and (b)(1).

Bernabe asserts eight counterclaims, ranging from fraud and breach of contract to harassment and extreme negligence. (Doc. 12 at 7–8.) Each counterclaim is supported by

---

[1] Bernabe argues that Rose's motion to dismiss should be stricken because he did not satisfy the conferral requirements. (Doc. 26 at 1.) But Rose supplied documentation of his conferral with Bernabe with his Reply. (*See* Doc. 28.) Rose also certified in his motion that he satisfied the conferral requirements. (Doc. 21 at 2.) Accordingly, Bernabe's argument is rejected.

no more than two sentences.  (*Id.*)  For example, under "Fraud" Bernabe states only that "Evidence at trial will show that plaintiff Rose knew that he was not owed 45 hours but deliberately misrepresented that he was owed 45 hours." (*Id.* at 7.)  Under "Damage to Company property and Customer property," Bernabe alleges that "Plaintiff Rose cause [sic] damages to customer property which caused a loss to Company Assurance Relocation Systems." (*Id.*)  And under "Extreme Negligence," Bernabe alleges that "Defendant Rose left truck lights on all day while he took his personal calls and cause the other workers to stop working to jump a truck for one hour of which he was still on the telephone." (*Id.* at 8.)  Bernabe's five other claims are equally devoid of context or factual support.  (*See id.* at 7–8.)  Without "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a complaint cannot survive a motion to dismiss.  *Ashcroft*, 556 U.S. at 678.  Here, it is difficult to discern what misconduct is alleged, let alone whether Rose is liable for it.  Accordingly, Bernabe fails to state a claim under Rule 12(b)(6).

Rose additionally argues that the Court lacks jurisdiction over Bernabe's counterclaims because they "are permissive, state-law claims that bear no relation to [Rose's] wage claims." (Doc. 21 at 5.)  As it stands, the Complaint's allegations are so vague and conclusory that it is impossible to tell whether supplemental jurisdiction over Bernabe's state law claims would be proper.  *See, e.g.*, Fed. R. Civ. P. 13(a)–(b) (defining compulsory and permissive claims); *Randall v. Nelson & Kennard*, 2009 WL 2710141 at *2–6 (D. Ariz. 2009) (conducting the supplemental jurisdiction analysis under Fed. R. Civ. P. 13).  This predicament underscores the inadequacy of the allegations supporting Bernabe's counterclaims and requires dismissal under Rule 12(b)(1).  *See Smiley v. JP Morgan Chase*, 2014 WL 2605434, at *2 (N.D. Cal. 2014) (dismissing a complaint where it was "almost completely devoid of any factual allegations" and thus, failed "to demonstrate that th[e] Court ha[d] subject matter jurisdiction").

Because it is possible that Bernabe can amend her counterclaims to state a plausible claim for relief over which the Court would have jurisdiction, she will be granted leave to

amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** granting Rose's Motion to Strike the Motion to Dismiss (Doc. 16), and striking Emerson's Motion to Dismiss, (Doc. 13).

**IT IS FURTHER ORDERED** Emerson shall respond to Rose's Complaint no later than **April 10, 2026**.

**IT IS FURTHER ORDERED** granting Rose's Motion to Dismiss Bernabe's Counterclaims, (Doc. 21). Bernabe shall file any amended counterclaims no later than **April 10, 2026**.

Dated this 4th day of March, 2026.

Honorable Sharad H. Desai
United States District Judge